Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
*Attorney for Plaintiffs*

Lydia H. Hamlet (*pro hac vice* forthcoming)
lydia@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
*Of Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COUR

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **ANTHONY YOUNGER**, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTNER'S PIZZA, INC**., a domestic corporation and **TODD WILLIAM CHRISTNER**, an individual,<br><br>Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION ALLEGATION COMPLAINT**<br><br>**Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.) and Oregon State Wage and Hour Laws (ORS 652.140, *et seq*.)** |

Plaintiff Anthony Younger ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action against Christner's Pizza, Inc., and Todd William Christner (collectively "Defendant" or "Defendants"), states and alleges as follows:

## PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Oregon Wage and Hour Laws, ORS chapter 652, *et seq.* ("the Oregon statutes").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the Oregon statutes within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the Oregon statutes as described, *infra*.

## JURISDICTION AND VENUE

4. The United States District Court for the District of Oregon has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Oregon Wage and Hour Laws similarly authorize actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's

Oregon Wage and Hour Laws claims is based on 28 U.S.C. § 1367. The state law claims raised in this complaint are so related to the federal claims that they form part of the same case and controversy.

6. Defendant conducts business within Lane County in the State of Oregon.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oregon has personal jurisdiction over Defendant, and Defendant therefore "resides" in Oregon.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Eugene Division of the District of Oregon. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

9. Plaintiff is an individual and resident of Lane County.

10. Separate Defendant Christner's Pizza, Inc. ("Christner's Pizza"), is a domestic, for-profit corporation.

11. Christner's Pizza's registered agent for service of process is Todd W. Christner at 650 Evelyn Street, Roseburg, Oregon 97471.

12. Separate Defendant Todd Christner ("Todd") is an individual and resident of Oregon.

## FACTUAL ALLEGATIONS

13. Todd is a principal, director, officer, and/or owner of Christner's Pizza.

14. Todd took an active role in operating Christner's Pizza and in the management thereof.

15. Todd in his role as an operating employer of Christner's Pizza, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Todd, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

17. Defendant owns and operates multiple Domino's Pizza franchises in Oregon.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

20. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

21. Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately September of 2019 until June of 2021.

22. Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

23. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the Oregon statutes.

25.     Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA and the Oregon statutes.

26.     Defendant also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA and the Oregon statutes.

27.     Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

28.     Defendant is an "employer" within the meaning set forth in the FLSA and the Oregon statutes, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

29.     Plaintiff and the other Delivery Drivers at Defendant's restaurants work "dual jobs." Specifically, they deliver food to Defendant's customers and receive tips, and they also work inside the store completing nontipped duties.

30.     Defendant paid Plaintiff and other Delivery Drivers a rate at or close to the Oregon minimum wage per hour for work performed while in the store.

31.     Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

32. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Delivery Drivers to complete their job duties.

33. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

34. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses, nor does Defendant keep records of all of those expenses.

35. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

36. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

37. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

38. Defendant reimburses Plaintiff and other Delivery Drivers at or around $0.35 per delivery.

39. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2019:  58 cents/mile
> 2020:  57.5 cents/mile
> 2021:  56 cents/mile
> 2022:  58.5 cents/mile

40. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA and the Oregon statutes.

41. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

42. All of Defendant's Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

43. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

44. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Domino's website (www.dominos.com).

45. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

46. In 2020, for example, if Plaintiff took a delivery which required him to drive 10 miles, then his per-mile reimbursement was $0.035 per mile, and in that instance Defendant

under-reimbursed Plaintiff at a rate of $0.54 per mile (IRS standard rate of $0.575 minus the actual reimbursement of $0.035).

47. Thus, in 2020, if Plaintiff completed 2 deliveries per hour and if each delivery was 10 miles roundtrip, Plaintiff would have consistently "kicked back" to Defendant approximately $10.80 per hour ($0.54 per mile x 2 deliveries per hour x 10 miles per delivery).

48. Plaintiff drove sufficient miles per hour that the amount he "kicked back" to Defendant caused his constructive hourly rate to fall below both the federal and state statutory minimum wage.

49. Other Delivery Drivers also drove sufficient miles per hour that the amount they kicked back to Defendant caused their constructive hourly rate to fall below the federal statutory minimum wage.

50. Plaintiff occasionally worked hours over 40 in a week, and in these weeks he did not receive a sufficient overtime premium because of the unreimbursed mileage expenses.

51. Other Delivery Drivers also occasionally worked over 40 hours in a week and also incurred overtime violations due to the unreimbursed mileage expenses.

52. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages and overtime premiums.

53. Defendant has willfully failed to pay minimum wage and overtime premiums to Plaintiff and similarly situated Delivery Drivers.

**REPRESENTATIVE ACTION ALLEGATIONS—CLASS AND COLLECTIVE**

54. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within

the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for all hours worked;

B. Overtime premiums for all hours worked for Defendant in excess of forty each week;

C. Liquidated damages; and

D. Attorney's fees and costs.

55. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years.**

56. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

57. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

58. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; and

    E.    They did not receive a lawful minimum wage or overtime premium.

    59.    Plaintiff's claims are essentially the same as those of the putative collective.

    60.    Defendant's unlawful conduct is pursuant to a corporate policy or practice.

    61.    Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds fifty persons.

    62.    Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

    63.    The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first-class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

    64.    Plaintiff also brings this lawsuit as a class action pursuant to Rule 23, on behalf of himself and as the Class Representative of the following persons ("the Class"):

**All Delivery Drivers in the last three years.**

    65.    The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

    66.    Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

    A.    Whether Defendants failed to pay Class members the minimum wage required by Oregon law;

B. Whether Defendants required Class members to maintain their own automobiles in a safe, legally-operable, and insured condition;

C. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

D. Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under reimbursement of the Class members; and

E. Whether they were paid at or near the federal and state minimum wage before deducting unreimbursed business expenses.

67. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

68. Plaintiff's claim is typical of those of the Class in that:

A. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizzas and other food items to Defendants' customers;

B. Plaintiff and the Class delivered pizzas and other food items using automobiles not owned or maintained by Defendants;

C. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

D. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

E.  Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

F.  Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

G.  Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the Oregon minimum wage in some or all workweeks;

H.  Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

I.  Plaintiff and the Class were paid at or near Oregon minimum wage before deducting unreimbursed business expenses.

69.  A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

70.  Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

71.  Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending

over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

72. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

73. Plaintiff, individually and on behalf of the collective of similarly situated delivery drivers, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

74. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

75. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

76. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

77. During the period relevant to this lawsuit, Defendant classified Plaintiff and similarly situated drivers as nonexempt from the overtime requirements of the FLSA.

78. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

79. Defendants knew or should have known that their pay and reimbursement policies and practices would result in a failure to compensate delivery drivers at the federal minimum wage.

80. Defendants, pursuant to their policies and practices, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

81. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

82. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully, or at least demonstrated reckless disregard for whether their conduct was unlawful.

83. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants not liable for liquidated damages, Plaintiff and

all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

84. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**SECOND CAUSE OF ACTION—VIOLATION OF OREGON WAGE LAWS**

85. Plaintiff, individually and on behalf of the class of similarly situated delivery drivers asserts this claim for damages and declaratory relief pursuant to the Oregon Wage and Hour Laws.

86. At all relevant times, Defendants have functioned as an "employer" within the meaning of Oregon Wage and Hour Laws, ORS Chapter 652.310.

87. At all relevant times, Defendants have employed, and continue to employ, "employees," including Plaintiff, for services within the meaning of Oregon Wage and Hour Laws, ORS Chapter 652.310.

88. Pursuant to Oregon Wage and Hour Laws, the Defendants were required to pay Plaintiff and the Putative Plaintiffs reasonable and non-oppressive wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date. Oregon Wage and Hour Laws, ORS Chapter 652.

89. Defendants failed to pay Plaintiff and the Putative Plaintiffs appropriate reimbursements for travel expenses causing employees' wages to be oppressive and unreasonable under Oregon law. *Id.*

90.     The foregoing conduct, as alleged, constitutes a willful violation of the Oregon Wage and Hour Laws, ORS Chapter 652.

91.     As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff on behalf of himself and the Putative Plaintiffs, seek damages in the amount of unpaid earned compensation, liquidated damages, plus interest from the date each amount came due as provided by Oregon law.

92.     Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery of his attorneys' fees as provided by the Oregon Wage and Hour Laws. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Anthony Younger, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.     That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     Certification of and notice to a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     An order permitting this litigation to proceed as a class action pursuant to Rule 23 on behalf of the Oregon Class;

D.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the Oregon statutes and their related regulations;

E.  Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the Oregon statutes and their related regulations;

F.  Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the Oregon statutes and their related regulations;

G.  For a reasonable attorneys' fee, costs, and pre-judgment interest; and

H.  Such other and further relief as this Court may deem just and proper.

DATED October 21, 2022.

CRISPIN HANNON MARTON CAMBRELENG LLC

*/s/ Ashley A. Marton*
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
*Local Counsel for Plaintiff*

SANFORD LAW FIRM, PLLC

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet, Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford, Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*PHV Motions to be Filed*